# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| **VICTORIA JEAN DEPLAE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:09-cv-227 |
| ) | (Phillips) |
| **REGIONAL ACCEPTANCE CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss the Amended Complaint [Doc. 17]. Plaintiff has filed suit under the Fair Debt Collection Practices Act ("FDCPA"), alleging that defendant harassed plaintiff in connection with the collection of a debt. In addition, plaintiff has brought the following state claims: conversion, negligence, gross negligence, breach of contract, fraud, misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, violations of the Tennessee Consumer Protection Act, misrepresentation, and breach of contract.

Defendant has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 17]. Plaintiff has responded [Doc. 19], and defendant has replied [Doc. 21]. For the following reasons, defendant's Motion to Dismiss [Doc. 17] is **GRANTED**. Accordingly, plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**, and plaintiff's state claims are **DISMISSED WITHOUT PREJUDICE**.

**I.     INTRODUCTION**

As a preliminary matter, the Court notes that it has jurisdiction over the FDCPA claim

1

pursuant to 28 U.S.C. § 1331. In addition. the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

The following facts are taken mostly from plaintiff's Amended Complaint. [Doc. 16]. In 2004, plaintiff obtained a loan from defendant to purchase a vehicle. Shortly after the purchase, plaintiff's mother became ill. As a result, plaintiff fell behind in making loan payments.

In May 2008, defendant contacted plaintiff about the loan payments. Plaintiff alleges that defendant made harassing phone calls and sent letters during this period. In addition, plaintiff alleges that she was "suckered" into buying car insurance from defendant. It is unclear when this happened or how plaintiff was misled. On July 25, 2008, plaintiff called defendant to complain about the letters and phone calls.

On December 28, 2008, defendant repossessed plaintiff's vehicle. This was the same vehicle that plaintiff had purchased by obtaining a loan from defendant. Plaintiff does not explain why defendant repossessed the car. Plaintiff simply alleges that the repossession was unlawful.

On May 21, 2009, plaintiff filed suit against defendant under the FDCPA, 15 U.S.C. §§ 1692 *et seq*. Plaintiff also filed claims under state law, including breach of contract, misrepresentation, and negligence. On September 3, 2009, plaintiff amended her complaint. [Doc. 16]. On September 18, 2009, defendant moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 17]. Plaintiff then responded [Doc. 19] and defendant replied [Doc. 21].

**II.     STANDARD OF REVIEW**

Defendant has moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that this case should be dismissed under Rule 12(b)(6) because plaintiff has failed to state a claim upon which relief may be granted.

Under Rule 12(b)(6), courts must "construe the complaint in the light most favorable to the

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, the "[f]actual allegations contained in [the] complaint must 'raise a right to relief above the speculative level.' " *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 127 S. Ct. at 1974).

While the Court must accept "as true all non-conclusory allegations in the complaint," it does not have to accept unsupported legal conclusions. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citations omitted). As the Supreme Court stated in *Ashcroft v. Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. 1937, 1949 (2009) (citations omitted).

### III.  ANALYSIS

#### A.  Plaintiff's FDCPA Claim is Dismissed With Prejudice

##### 1.  Plaintiff Has Alleged Sufficient Facts Demonstrating That There Was A "Debt" Within the Meaning of 15 U.S.C. § 1692a(5)

The FDCPA was passed in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). To succeed on a claim under the

FDCPA, a plaintiff must show that the money or property being collected qualifies as a "debt." 15 U.S.C. § 1692a(5). Second, the collecting entity must qualify as a "debt collector." 15 U.S.C. § 1692a(6). Third, a plaintiff must show that the debt collector violated a provision of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

As a threshold matter, the Court must determine whether a "debt" exists within the meaning of 15 U.S.C. § 1692a(5). The statute defines "debt" as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). In this case, plaintiff has alleged sufficient facts demonstrating the existence of a "debt."

Plaintiff states that she obtained a loan in 2004 from defendant to purchase a vehicle. "In or around 2004, the Plaintiff incurred a financial obligation that was primarily for personal, family and/or the household purposes and is therefore a 'debt' as that term is defined by 15 U.S.C. § 1692a(5), namely, the purchase of a vehicle from Victory Ford . . ." [Plaintiff's Amended Complaint, Doc. 16 at 2]. Plaintiff alleges that Defendant attempted to collect this debt. [*Id*.].

Assuming that plaintiff obtained the loan from defendant, that would qualify as a "debt" within the meaning of 15 U.S.C. § 1692a(5). As a result of the loan, plaintiff became responsible for paying "money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . ." *Id*. Plaintiff used the vehicle for personal use, and she owed money as a result of the loan.

### 2. Plaintiff Has Failed to Allege Sufficient Facts Demonstrating that Defendant is a "Debt Collector"

As a matter of law, liability under the FDCPA can only attach to those who qualify as "debt

collectors." Thus, as a threshold matter, the Court must determine whether plaintiff has alleged sufficient facts giving rise to an inference that defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

The FDCPA defines "debt collectors" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In deciding 12(b)(6) motions, the Court must accept "as true all non-conclusory allegations in the complaint," but it does not have to accept unsupported legal conclusions. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citations omitted). As the Supreme Court stated in *Ashcroft v. Iqbal*, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." 129 S.Ct. 1937, 1949 (2009) (emphasis added) (citations omitted). In this case, plaintiff made conclusory statements that defendant is a "debt collector," but failed to allege any facts supporting that statement. In the amended complaint, plaintiff alleged the following:

> Sometime thereafter, the Defendant (a 'debt collector') used instrumentality of interstate commerce and/or the mail for its purpose of collecting or attempting to collect debts allegedly owed by the Plaintiff and thus, acted as a 'debt collector.'

[Plaintiff's Amended Complaint, Doc. 16 at 2-3]. Notably, plaintiff failed to allege facts regarding the regularity in which defendant collected debts, or whether defendant's principal purpose was to collect debts. Instead, plaintiff made unsupported legal conclusions regarding defendant's status as a "debt collector." As the Supreme Court stated in *Ashcroft v. Iqbal*, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 129

5

S.Ct. 1937, 1949 (2009) (citations omitted). In this case, plaintiff tracked the language of the statute in an attempt to show that defendant is a "debt collector." This is exactly what the Supreme Court warned against in *Iqba*.

Dismissal is appropriate for another reason. Even when interpreting the complaint in the light most favorable to the plaintiff, it appears that defendant qualifies as a "creditor" rather than a "debt collector." This is an important distinction because "creditors" are generally not subject to the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2007) (citing *Stafford v. Cross Country Bank*, 262 F.Supp. 2d 776, 794 (W.D. Ky. 2003) (recognizing that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.")). The FDCPA defines "creditors" as "any person who offers or extends credit creating a debt or to whom a debt is owed . . ." 15 U.S.C. § 1692a(4). Based upon the pleadings, defendant qualifies as a "creditor" because plaintiff obtained a loan from defendant, and defendant attempted to collect on it. Under the FDCPA, "creditors" who collect in their own name are not "debt collectors." *Maguire v. Citicorp Retail Servs.*, 147 F.3d 232, 235 (2d Cir. 1998). The text of the FDCPA. as well as its legislative history, make clear that the Act was not intended to apply to creditors. *See* S.Rep. No. 95-382, at *2 (U.S. Code Cong. & Admin.News 1977, pp. 1695, 1696-97) ("Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them.").

While creditors are generally not subject to the FDCPA, a creditor becomes liable if "in the process of collecting his own debts, [it] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. 1692a(6). *See also*

6

*Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (recognizing that "[c]reditors who use names other than their own- such as a third-party name - to collect on their own debts also qualify as debt collectors under the Act."). A creditor becomes liable when it uses a name that implies a third party is involved in collecting its debts, "pretends to be someone else," or "uses a pseudonym or alias." *Maguire*, 147 F.2d at 235 (*quoting Villarreal v. Snow*, 1996 WL 473386, at *3 (N.D. Ill. Aug. 19, 1996)). However, the exception does not apply in this case because plaintiff did not allege that defendant used (or implied that it was using) third parties to collect the debt. Rather, plaintiff admits that defendant was collecting its own debt. [*See* Plaintiff's Memorandum in Response to the Motion to Dismiss, Doc. 20 at 5, stating that "it appears that the Defendant . . . [was] in the process of collecting its own debt . . .]. Accordingly, plaintiff has failed to allege facts giving rise to an inference that defendant was a "debt collector."

On a final note, the Court wants to make clear that it did not consider extrinsic evidence in deciding the motion to dismiss. In ruling on a 12(b)(6) motion to dismiss, courts generally may not consider facts outside the complaint. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). However, extrinsic documents may be considered for purposes of a 12(b)(6) motion if the documents are "referred to in a complaint and central to the claim . . ." *Armengau v. Cline*, 7 Fed.Appx. 336, at *5 (6th Cir. March 1, 2001) (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

In plaintiff's Memorandum in Response to Defendant's Motion to Dismiss the Amended Complaint, plaintiff directs the Court to examine letters sent to her on April 9, 2008, and May 5, 2008. [Doc. 20 at 5]. These letters were not mentioned in the amended complaint, nor were they attached to the pleading. Thus, because the amended complaint did not refer to these letters, and because they are not central to plaintiff's claim, the Court did not consider them in deciding the

7

12(b)(6) motion.

In conclusion, the Court finds that plaintiff has failed to allege facts giving rise to an inference that defendant is a "debt collector" within the meaning of the FDCPA. Accordingly, the Court grants defendant's Motion to Dismiss [Doc. 17], whereby plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**.

### B. Plaintiff's State Claims are Dismissed Without Prejudice

#### 1. The Court Will Not Exercise Supplemental Jurisdiction

In addition to the FDCPA claim, plaintiff has brought several claims under Tennessee law. This includes claims for conversion, negligence, gross negligence, breach of contract, fraud, misrepresentation, negligent infliction of emotional distress, intentional infliction of emotional distress, violations of the Tennessee Consumer Protection Act, misrepresentation, and breach of contract.

Under 28 U.S.C. § 1367(c)(3), district courts may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. In the Sixth Circuit, the policy is that "[i]f federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 Fed.Appx. 382, 384-85 (6th Cir. 2003)).

The FDCPA claim was the only claim that the Court had original jurisdiction over. Because the Court dismissed plaintiff's FDCPA claim prior to trial, the Court declines to exercise supplemental jurisdiction over the state claims. Accordingly, plaintiff's state claims are **DISMISSED WITHOUT PREJUDICE**.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion to Dismiss [Doc. 17] is **GRANTED**, whereby

plaintiff's FDCPA claim is **DISMISSED WITH PREJUDICE**, and plaintiff's state claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge